IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00174-KDB-SCR

| | |
|---|---|
| DANIEL C. HAGA,<br><br>**Plaintiff,**<br><br>v.<br><br>DONALD J. TRUMP, FEDERAL BUREAU OF INVESTIGATION, THOM TILLIS, U.S. DEPARTMENT OF JUSTICE, VIRGINIA FOXX, AND TED BUDD,<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses exceed his expected income, and he does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint without prejudice after conducting that review.

### I. Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence

1

a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that he lives on disability income and that he does not otherwise have assets that would allow him to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II. Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As he has in the three other matters he has filed in the last eight days, pro se Plaintiff Daniel Haga appears to claim that Defendants knew about "an illegal website" he has been on "since 1997," which amounts to an "obstruction of justice since 1997." Doc. No. 1 at 5. He also claims that Defendants have violated "2511(2)(d) of the Electronic Communication Privacy Act" by failing to "Obey all State & Federal & International Laws knowing I drove a Truck in 1997/1998 into all 48 states breaking multiple laws in multiple states." *Id.* at 4–5. While fanciful, these claims fail to plausibly allege a violation of the Electronic Communication Privacy Act (or, indeed, any

other federal statute or claim within the Court's jurisdiction). Accordingly, the matter must be dismissed.

### III. Pre-Filing Review

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting *Black v. New Jersey*, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the Plaintiff, it appears that the imposition of a pre-filing review is warranted. As of this Order, the Plaintiff has filed four actions in this Court since October 20, 2025, making similar allegations against various defendants.[1] These actions fail to allege anything

---

[1] *See* 5:25-cv-00169-KDB-DCK; 5:25-cv-00172-KDB-SCR; 5:25-cv-00175-KDB-DCK; and the current matter.
3

Case 5:25-cv-00174-KDB-SCR   Document 3   Filed 10/28/25   Page 3 of 5

approaching a federal claim. Further, Plaintiff's filings are highly burdensome on the Court, having caused the Court to expend considerable time and resources in attempting to interpret and address them. In light of these circumstances, it is clear to the Court that Plaintiff is likely to continue this behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. *See Vandyke*, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Plaintiff should anticipate that an Order will be entered directing that all documents submitted by the Plaintiff in the future will be administratively pre-screened by the Court for content. Pursuant to such review, any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." *Id*. at *3.

The Plaintiff is therefore placed on **NOTICE** that, within **ten (10) days** of this Order, the Plaintiff shall have the opportunity to file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the above-described pre-filing review system should not be imposed. **Plaintiff is expressly warned that if he fails to fully comply with this directive, he should anticipate the imposition of the pre-filing review system described above.**

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**
Signed: October 28, 2025

*Kenneth D. Bell*
Kenneth D. Bell
United States District Judge